IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCY B. JONES, ) | |
| Reg. No. 13407-002 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:19-cv-871-WHA-WC |
| ) | |
| WARDEN GENE BEASLEY, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This civil action is pending before the court on a 28 U.S.C. § 2241 application for habeas corpus relief filed by Quincy B. Jones, a federal inmate currently incarcerated at the Allenwood United States Penitentiary in White Deer, Pennsylvania.[1] In this habeas petition, Jones alleges that under recent Supreme Court case law his murder for hire conviction no longer qualifies as a crime of violence and this court miscalculated the applicable sentencing guidelines. Doc. 1 at 5–6; Doc. 1-1- at 2–5. Jones maintains that he may proceed on his claims in a 28 U.S.C § 2241 petition under the "saving clause" of 28

---

[1] Jones is incarcerated on concurrent sentences of 200 months and 120 months imposed upon him by this court in November of 2012 for conspiracy with intent to distribute cocaine base/cocaine hydrochloride and using a telephone with intent to commit a murder for hire. Jones did not appeal either of his convictions but did file separate 28 U.S.C. § 2255 motions with this court in 2013 challenging the convictions. *See* Civil Action No. 1:13-cv-801-WKW (M.D. Ala. 2015) and Civil Action No. 2:13-cv-803-WKW (M.D. Ala. 2015). This court denied each of these § 2255 motions with prejudice. On November 26, 2018, Jones filed another § 2255 motion challenging the assistance provided by counsel during the consolidated sentencing hearing for his criminal cases. *See* Civil Action No. 1:18-CV-998-WKW (M.D. Ala. 2019). On April 23, 2019, this § 2255 motion was dismissed as a successive motion filed without the requisite authorization from the Eleventh Circuit Court of Appeals.

U.S.C § 2255(e). Doc. 1-1 at 4–6. Although Jones states that the Allenwood United States Penitentiary in White Deer, Pennsylvania is located in the jurisdiction of this court, Doc. 1-1 at 1, this facility is actually located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118.

Upon review of the habeas petition, the court finds that this case should be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).[2]

## II. DISCUSSION

In the present civil action, Jones presents challenges to his federal conviction and sentence in a 28 U.S.C. § 2241 habeas petition. Jones alleges he is permitted to seek relief under 28. U.S.C. § 2241 via the "saving clause" set forth in 28 U.S.C § 2255(e). However, to proceed in such a habeas action, Jones must satisfy the jurisdictional requirements of 28 U.S.C. § 2241. As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the

---

[2] Jones did not submit the filing fee nor did he file an application for leave to proceed *in forma pauperis*. However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Pennsylvania.

2

petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the ***immediate*** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439–40 (1867)).

In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges [, if they may be raised via § 2255(e)'s "saving clause" in a § 2241 habeas petition,] to present physical confinement — "core challenges" —the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).[3]

Jones is presently incarcerated in the Allenwood United States Penitentiary in White Deer, Pennsylvania, a facility not located within the jurisdiction of this court. Instead, this federal penitentiary is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. "District courts are limited to granting habeas relief within their respective jurisdictions. 28 U.S.C. § 2241 (a). "[The Supreme Court has] interpreted this language to require nothing more than that the court issuing the writ have

---

[3] Jones concedes that a § 2241 petition should be filed in the district wherein the petitioner is currently incarcerated, Doc. 1-1 at 1, and it is clear that the Allenwood United States Penitentiary is not located within the jurisdiction of this court. As previously stated, the Allenwood facility is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

3

jurisdiction over the custodian[.]" *Padilla*, 542 U.S. at 442.  This court therefore lacks jurisdiction over the petitioner's current § 2241 habeas petition.  However, the law provides that when a case is filed "laying venue in the wrong division or district" a district court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28 U.S.C. § 1631 (specifically granting federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice[.]").  Under the circumstances of this case, the undersigned concludes that in the interest of justice this case should be transferred to the United States District Court for the Middle District of Pennsylvania for review and disposition.[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **December 2, 2019**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

---

[4] In transferring this case, the court makes no determination with respect to whether the "saving clause" of 28 U.S.C § 2255(e) permits Jones to seek relief from his challenged conviction and sentence in a 28 U.S.C § 2241 petition for habeas corpus relief or whether on his claims provide any basis for relief.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of November, 2019.

                                     /s/ Wallace Capel, Jr.
                                     WALLACE CAPEL, JR.
                                     CHIEF UNITED STATES MAGISTRATE JUDGE